UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JOSEPH PIARD, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | NO. 24-40131-MRG |
| ) | |
| OFFICER WEAVER, ) | |
| ) | |
| Defendant. ) | |

**ORDER**
**February 13, 2025**

**GUZMAN, D.J.**

Plaintiff Joseph Piard, Jr. who is confined at the North Central Correctional Institution in Gardner, Massachusetts ("NCCI Gardner"), brings this action under 42 U.S.C. § 1983 ("§ 1983") NCCI Gardner Correction Officer Weaver. For the reasons set forth below, the Court DISMISSES this action without prejudice.

According to Piard, on October 16, 2024, Officer Weaver told Piard that he intended to issue a disciplinary incident report against Piard "because [Piard] wrote grievances about other officers." (Doc. No. 1 at 12). Piard further alleges that, when he returned to his unit, the unit officer told Piard he had to pack up his belonging because Officer Weaver said Piard was being placed in restrictive housing "as punishment." *Id.* Piard dated his complaint October 16, 2024 and the Court received the complaint on October 18, 2024.

Under the Prison Litigation Reform Act, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. 42 U.S.C. § 1997e(a). Although a prisoner is not affirmatively required to plead

exhaustion to avoid dismissal upon a preliminary screening, if a prisoner's failure to exhaust appears upon the face of the complaint, the plaintiff has failed to state a claim upon which relief may be granted. *See Jones v. Bock*, 549 U.S. 199, 920-21 (2007).

The Court received the complaint in this action two days after the relevant event occurred. It would have been impossible for Piard to have exhausted his remedies prior to commencing this action and there is no reason to believe that administrative remedies are unavailable.

Accordingly, the Court DISMISSES this action without prejudice. The motion for leave to proceed *in forma pauperis* shall be terminated as moot.

**So Ordered.**

                                                  /s/ Margaret R. Guzman
                                                  MARGARET R. GUZMAN
                                                  UNITED STATES DISTRICT JUDGE

Dated: February 13, 2025